IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SC AMERICA, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No.: 1:22-cv-00610-RDP** |
| ) | |
| **MARCO'S FRANCHISING, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant's Notice of Removal. (Doc. # 1). On May 13, 2022, the court held a status conference with the parties to discuss their respective positions on removal and other matters. (Doc. # 5). The parties subsequently submitted a Joint Report, which discussed a variety of matters. (Doc. # 6). Of course, the primary matter to be addressed at this point in the litigation is whether this court has subject matter jurisdiction such that Defendant's removal is proper.[1] Upon review of the Joint Report and the record in its entirety, the court concludes *sua sponte* that subject matter jurisdiction exists in this case and, therefore, removal is proper.

**I.  Background**

On May 11, 2022, Defendant Marco's Franchising LLC ("Marco's) removed this action filed by Plaintiff SC America, LLC ("SC America") to federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). (Doc. # 1). Marco's contends that the court has both federal question and

---

[1] Time is of the essence in this case. Indeed, the parties have agreed that the Temporary Restraining Order (doc. #1-2 at 20) issued by the Calhoun County Circuit Court Judge expired Monday, May 16, 2022. While parties typically have the luxury of briefing a Motion to Remand -- and the court has the luxury of receiving that briefing before rending a decision -- this is not a typical case given its time-sensitive nature. Moreover, the parties have provided the court with sufficient information in their Joint Report (doc. # 6) and at the May 13, 2022 status conference for the court to determine the propriety of removal.

diversity jurisdiction. (*Id.*). The court held a status conference on May 13, 2022. (Doc. # 5). Following the conference, the court ordered the parties to submit a joint report to include the parties' positions on (1) remand, (2) the forum selection clause, (3) extension of the temporary restraining order issued in state court, and (4) any other matter the parties deem necessary for the court to address. (*Id.*). On May 16, 2022, the parties submitted the Joint Report, which contained, in part, the parties' respective positions regarding whether the court has subject matter jurisdiction. (Doc. # 6).

## II. Discussion

At the earliest possible stage in a proceeding, a court should inquire into whether it has subject matter jurisdiction. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction is proper if (1) there is complete diversity of citizenship and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The burden of establishing subject matter jurisdiction over a case removed to federal court is on the removing party. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

At any time, the court may *sua sponte* address the issue of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *American Tobacco Co.*, 168 F.3d at 410.

**A.     Complete Diversity Exists Between the Parties.**

Marco's argues that complete diversity exists in this case because no member of Marco's -- a limited liability company -- is a citizen of Alabama.[2] (Doc. # 6 at 5). Marco's has submitted an affidavit from Ashley Weis, Corporate Counsel for Marco's, who is familiar with the organizational structure of Marco's and who has personal knowledge of the citizenship of its members. (Doc. # 1-1). In that affidavit, Ms. Weis has identified the citizenship of the individuals, trusts, limited partnerships, limited liability companies, and corporations who own Marco's – none of whom are Alabama citizens. (*Id.*). SC America's mere assertion during the status conference that it believes that a member is an Alabama resident, absent more, is insufficient to overcome Marco's evidence to the contrary. Complete diversity exists between the parties.

**B.     The Amount-in-Controversy Requirement is Satisfied.**

SC America argues that the amount-in-controversy requirement is not satisfied for two reasons. The court finds both arguments unpersuasive.

First, SC America argues that the Calhoun County Complaint (doc. # 1-2) does not seek any monetary damages. (Doc. # 6 at 3). Marco's, on the other hand, argues that such an omission is not fatal to removal because "it is evident" from the face of the Complaint that the amount-in-controversy exceeds $75,000. (Doc. # 6 at 6).

If a plaintiff has not specified a value in its pleading in state court, the removing party must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe*, 613 F.3d at 1061. *See also Snellgrove v. Goodyear Tire & Rubber Co.*, No. 13–cv–2062, 2014 WL 235367, at *3 (quoting *Roe*, 613 F.3d at 1061-62) (noting that, in some instances, it is "facially apparent" from the complaint that the amount in controversy

---

[2] Marco's asserts – but SC America disagrees -- that the court has subject matter jurisdiction based on federal question grounds. The court, however, need not chase that legal rabbit.

3

likely exceeds $75,000, even if damages are unspecified). Moreover, a "court[] may use [its] judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061-62.

While SC America's Complaint does not request relief in the form of monetary damages, the Complaint does seek relief stemming from Marco's alleged intent to deprive SC America of "its lease and property interest in the lease space and equipment . . . ." (Doc. # 1-2 ¶ 14). The "lease" to which SC America refers permitted SC America to lease certain space (while operating as a Marco's franchisee) for a 10-year term beginning in January 2021. Judicial experience and common sense dictate that the value of losing this lease interest -- and any resulting profits -- for approximately nine years exceeds $75,000. To the extent that SC America argues that the amount-in-controversy requirement is not met because the equipment is worth less than $75,000 (doc. # 6 at 3), the court notes that SC America has overlooked the allegations in the Complaint where it requests relief due to the loss of the entire lease, and not just the loss of equipment. (Doc. # 1-2 ¶ 15(B), 17).

Second, SC America argues that the monetary value of its requested declaratory and injunctive relief does not satisfy the amount-in-controversy requirement. (Doc. # 6 at 3). In an action for injunctive relief, "the amount of controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen*, 204 F.3d at 1077.

Here, by seeking an injunction against Marco's purported right to end SC America's ability to operate under the Marco's brand, SC America has placed the monetary value of the object of

4

the litigation -- its lease and franchisee rights -- in controversy. If the court were to grant SC America the relief it requests -- that is, to permanently enjoin Marco's from "tak[ing] hold of the Plaintiffs lease space and in any way dispossess[ing] the Plaintiff of its restaurant equipment" -- SC America stands to reap financial rewards likely in excess of $75,000. Not only could SC America profit from remaining in the lease for approximately 9 more years, but it could also use the additional time to secure a lucrative sale of its franchisee rights and lease. Under either theory, Marco's has submitted evidence sufficient to show that the amount-in-controversy requirements are satisfied.

Because the court has subject matter jurisdiction based on diversity jurisdiction in this case, removal to this court is proper.

### III. Conclusion

For the reasons explained above, the court has subject matter jurisdiction over this case such that Marco's removal is proper. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this May 19, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE