IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SC AMERICA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 1:22-cv-00610-RDP |
| ) | |
| MARCO'S FRANCHISING, LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This case is before the court on the parties' briefs[1] in support of their respective positions on whether the court should transfer this case to the U.S. District Court for the Northern District of Ohio. (Docs. # 6, 9). For the reasons explained below, the court concludes that the U.S. District Court for the Northern District of Ohio is the proper venue for this action.[2]

**I.   Background**

   **A.   Parties' Relationship**

This case stems from the franchisee-franchisor relationship between Defendant Marco's Franchising LLC ("Marco's) and Plaintiff SC America, LLC ("SC America"). The relationship began in 2011 when SC America entered into its first ten-year franchise agreement with Marco's to operate a MARCO'S PIZZA® store in Anniston Alabama. (Doc. # 1-2 at 5-7). On January 25, 2021, the parties entered a second ten-year franchise agreement (the "Franchise Agreement"). (*Id.*; Doc. # 6 at 28-90).

---

[1] While Plaintiff SC America, LLC did not provide the court with a brief regarding the proper venue for the case pursuant to the court's May 19, 2022 order (Doc. # 8), the court takes into account the arguments that SC America submitted in the parties' Joint Report on this issue. (Doc. # 6 at 8).

[2] The court notes at the outset that it construes Defendant Marco's Brief in Support of Transfer as a motion to transfer pursuant to 28 U.S.C. § 1404(a). Analysis follows accordingly.

As part of the Franchise Agreement, SC America agreed to use Marco's Standard Lease Rider in order to lease the premises for the store. (Doc. # 6 at §§ 7.5, 7.8, 19.6.10). SC America did, in fact, execute the Standard Lease Rider with the landlord, Saks Commercial Properties, LLC. (Doc. # 1-2 at 11-14). In executing the Standard Lease Rider, SC America expressly affirmed Marco's "Step-In Rights," which provide Marco's the right to enter the store in the event of a premature termination of the Franchise Agreement "for the purpose [of] continuing the Store's operation and maintaining the goodwill of the business." (Doc. # 9 at 3-4 (citing § 19.6.10)).

On March 7, 2022, Marco's notified SCA that the Franchise Agreement had been terminated, effective March 9, 2022. (Doc. # 1-2 at 7, 15-16). On March 8, 2022, the parties entered a Limited License Agreement that allowed SC America to continue operating the store for a limited period of time, subject to the terms and conditions contained in that agreement. (Doc. # 9 at 5 (citing Doc. # 6 at 17-26)).

### B. Forum-Selection Clauses

The Franchise Agreement contains a forum-selection clause. Specifically, Section 21.3 of the Franchise Agreement (titled "Jurisdiction and Venue") provides the following:

> Any disputes which are not subject to mediation or which are not resolved through mediation (as applicable) shall be resolved through litigation, initiated and maintained exclusively in the state and/or federal courts serving the judicial district in which [Marco's] maintains its headquarters (currently, Toledo, Ohio) at the time the action is initiated. [SCA] irrevocably consent[s] to the personal jurisdiction of such courts, and waive[s] all questions of personal jurisdiction and challenges to venue.

(Doc. # 6 at 82) (the "Forum-Selection Clause").

The Limited License Agreement, in a Section titled "Dispute Resolution, Choice of Law, Jurisdiction and Venue," expressly incorporates the Franchise Agreement's Forum-Selection Cause:

> The provisions of the Franchise Agreement regarding dispute resolution, choice of law, venue and jurisdiction are incorporated herein by reference; provided however that the parties shall not be required to mediate their disputes prior to pursuing any legal action.

(Doc. # 6 at 23-34).

### C. Procedural History

On May 6, 2022, SC America filed suit against Marco's in the Circuit Court of Calhoun County, Alabama, seeking a declaratory judgment and a temporary restraining order. (Doc. # 1-2 at 5-10). The Calhoun County complaint invited the state court to determine whether either party (or both) had violated terms of the Franchise Agreement, Limited License Agreement, and/or the Standard Lease Rider. (*Id.*). On May 11, 2022, Marco's removed this action to federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). (Doc. # 1). Following the court's *sua sponte* finding that Marco's properly removed the case, the court ordered the parties to file simultaneous briefing regarding the proper venue for this case. (Doc. # 8). Marco's filed its brief in support of transfer on May 27, 2022. (Docs. # 9). SC America has not made any such filing.

## II. Discussion

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" when it is convenient for the parties and witnesses, or in the "interest of justice." The Supreme Court has explained that, in the typical case not involving a forum-selection clause, a district court considering a motion under § 1404(a) "must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). When faced with such a motion based on a valid forum-selection clause, however, the calculus is substantially adjusted to recognize that such a clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine* 134 S. Ct. at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 33 (1988) (Kennedy, J., concurring)); *see also GDC Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1028-29 (11th Cir. 2014).

Once it is determined that a forum-selection clause governs the parties' claims and that clause is otherwise valid, the resisting party bears the burden of showing why the clause is not due to be enforced. *See Atl. Marine*, 134 S.Ct. at 582-83 and n.8. "The validity of a forum-selection clause is determined under the usual rules governing the enforcement of contracts in general." *P & S Bus Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (considering whether the clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum-selection clause).

Here, SC America has not alleged that the relevant forum-selection clauses are invalid. Indeed, there is no evidence before the court indicating that the clause was procured by fraud, duress, or the like, and SC America has not asserted that the bargain was not freely and fairly negotiated. As a result, the court finds that the clause is valid.

The court's analysis does not end there. Although forum-selection clauses are "presumptively valid and enforceable," this is not the case if the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir.2009); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972). As the Eleventh Circuit Court of Appeals has recognized, such a clause may be unenforceable where the resisting party can establish one of the following circumstances:

> (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

4

*Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) (quoting *Krenkel*, 579 F.3d at 1281). SC America, as the party opposing application of the forum-selection clause, bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Atl. Marine*, 571 U.S. at 63.

SC America does not assert that any of the above circumstances are present in this case. Rather, SC America argues that the Standard Lease Rider, which SC America asserts is the only operative document in the case, does not contain a forum-clause. (Doc. # 6 at 8). This argument misses the analytical mark. SC America's complaint makes clear that it seeks declaratory and injunctive relief for Marco's purported violations of the Franchise Agreement and Limited Release Agreement. (Doc. # 1-2 at 5-10). For example, SC America seeks to prevent Marco's from exercising Marco's "Step-In" rights which are enumerated in the Franchise Agreement. The Standard Lease Rider, as Marco's points out, is simply the mechanism that facilitates Marco's rights to exercise the "Step-In" rights. (Doc. # 9 at 8). At the very least -- even accepting as true that the Franchising Agreement expired -- the Limited License Agreement is an operative document that contains a valid forum-selection clause by incorporation.[3]

Stated simply, SC America has not made the required "strong showing" that enforcing the Forum-Selection Clause as incorporated by the Limited Release Agreement would be unfair or unreasonable under the circumstances. *See Krenkel*, 579 F.3d at 1281. Accordingly, the court concludes that this case is due to be transferred to the Northern District of Ohio pursuant to the parties' agreed-upon Forum-Selection Clause.

---

[3] SC America does not -- and cannot -- dispute that the Limited Release Agreement expressly incorporates the Franchising Agreement's Forum-Selection Clause provisions regarding venue. There is no dispute that the Limited Release Agreement has expired or is in any other way invalid or unenforceable.

### III. Conclusion

For the reasons explained above, Marco's motion to transfer to the proper venue is due to be granted. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this June 1, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE